993 P.2d 1205 (2000)
133 Idaho 814
Richard C. WILSON, Petitioner-Appellant,
v.
STATE of Idaho, Respondent.
No. 24920.
Court of Appeals of Idaho.
January 18, 2000.
*1207 Wiebe & Fouser, Canyon County Public Defenders; Thomas A. Sullivan, Deputy Public Defender, Caldwell, for appellant.
Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.
SCHWARTZMAN, Judge.
Richard C. Wilson appeals from the district court order summarily dismissing his application for post-conviction relief. Wilson raises three substantive assertions on appeal: (1) ineffective assistance of counsel in failing to advise Wilson that one of his prior convictions relied on by the prosecution when threatening persistent violator enhancement was a misdemeanor, not a felony as required by I.C. § 19-2514; (2) ineffective assistance of counsel in failing to assert a denial of due process defense, because in 1990 Wilson was not given notice that a subsequent driving under the influence (DUI) conviction within the next ten years could result in a felony conviction; and (3) the 1992 amendment to I.C. § 18-8005(7) did not encompass the use of pre-1992 DUI felony convictions for sentencing enhancement purposes. For the reasons stated below, we affirm.

I.

FACTS AND PROCEDURE
In January of 1990, Wilson was convicted of felony DUI in violation of I.C. § 18-8004. The Idaho law at that time provided for a felony enhancement when an offender was convicted of three DUIs within any five-year period. Wilson was so warned. In July of 1992, I.C. § 18-8005(7) was revised to provide that "any person who has pled guilty or has been found guilty of a felony violation of the provisions of section 18-8004 ... and within ten (10) years pleads guilty or is found guilty of a further violation of the provisions of section 18-8004, Idaho Code, shall be guilty of a felony."
In June of 1995, Wilson was charged with DUI, which was enhanced to a felony because of his 1990 conviction and the 1992 amendment to I.C. § 18-8005(7). Wilson pled guilty and was sentenced to three years fixed plus two years indeterminate.
*1208 Wilson subsequently filed an application for post-conviction relief which alleged ineffective assistance of counsel because his plea had been improperly induced by the state's threat to file a persistent violator enhancement under I.C. § 19-2514. Wilson claimed he had only one prior felony conviction and therefore was not subject to a persistent violator enhancement under I.C. § 19-2514. As such, he would not have pled guilty to the 1995 felony DUI charge if the threat of persistent violator enhancement had been eliminated through his attorney's effective representation.
The state filed its answer and attached, as exhibits, certified copies of Wilson's two prior convictions relied upon by the state. On the same day, the state moved for summary disposition, asking the court to take judicial notice of the district court files relating to all three cases.[1] The district court conditionally granted the state's motion for summary dismissal, noting that Wilson had offered nothing to establish the erroneous nature of his persistent violator status.
Wilson filed a timely response to the conditional order of dismissal in which he alleged that his 1990 felony DUI conviction should not be used under I.C. § 18-8005(7) to enhance his 1995 DUI charge to a felony because that code section did not exist in the same form in 1990. Wilson also asserted that he was required to be warned in 1990 of the possible felony penalty for a subsequent DUI conviction, as a matter of due process, if the state chose to charge him under the 1992 amendment; and that his counsel was ineffective in failing to raise this defense.
The district court summarily dismissed Wilson's petition in part, conditionally dismissing other parts. The court determined that Wilson had two prior felony convictions and therefore was a persistent violator, that he did not have a right to be warned of the enhancement provisions of I.C. § 18-8005(7) in 1990, and that using a pre-1992 DUI felony conviction to enhance his post-1992 DUI charge was not an ex post facto application of law. Wilson filed another timely response to this second order, focusing on the legislative intent behind the 1992 amendment and arguing that it did not apply to any prior existing DUI felony. He also contended that application of I.C. § 18-8005(7) amounted to retroactive imposition of the law, an issue that has since been conceded on appeal to be without merit.[2] The district court then issued its final order dismissing Wilson's entire post-conviction petition, from which Wilson appeals.

II.

UNIFORM POST-CONVICTION PROCEDURE ACT (UPCPA) STANDARDS AND THE PROOF REQUIRED TO SHOW INEFFECTIVE ASSISTANCE OF COUNSEL.

A. UPCPA Standards
An application for post-conviction relief initiates a proceeding that is civil in nature. Hassett v. State, 127 Idaho 313, 315, 900 P.2d 221, 223 (Ct.App.1995). A petitioner must prove by a preponderance of the evidence the truth of the allegations upon which the application is based. Id. at 316, 900 P.2d at 224. The district court does not have to accept a petitioner's mere conclusory allegations or conclusions of law. Id. Summary dismissal by the district court is akin to summary judgment under I.R.C.P. 56. Id. at 315, 900 P.2d 221. Dismissal is proper where the evidence disproves essential elements of the petitioner's assertions or where the evidence does not support relief to the petitioner as a matter of law. Cooper v. State, 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975).

B. Standard of Review
On appeal from a summary dismissal of a petition, this Court reviews the record to determine if issues of material fact exist which require an evidentiary hearing. *1209 "The issue on appeal from a dismissal is whether the petition alleges facts which, if true, would entitle the petitioner to relief." Matthews v. State, 122 Idaho 801, 807, 839 P.2d 1215, 1221 (1992). Legal conclusions are reviewed de novo. Owen v. State, 130 Idaho 715, 716, 947 P.2d 388, 389 (1997); Free v. State, 125 Idaho 760, 763, 874 P.2d 571, 574 (Ct.App.1993); Holmes v. State, 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). We additionally exercise free review over the district court's determination that constitutional requirements were satisfied considering all the facts of the case. Buffington v. State, 130 Idaho 507, 509, 943 P.2d 933, 935 (1997); Gafford v. State, 127 Idaho 472, 475, 903 P.2d 61, 64 (1995).

C. Ineffective Assistance of Counsel
To prevail on an ineffective assistance of counsel claim, a defendant is required to show that counsel's performance was deficient and that he or she was prejudiced by that deficiency. LaBelle v. State, 130 Idaho 115, 118, 937 P.2d 427, 430 (Ct. App.1997), citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693. A defendant must show that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688, 104 S.Ct. at 2064-65, 80 L.Ed.2d at 693-94. There is a strong presumption that trial counsel's representation was within the "wide range of professionally competent assistance." Id. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695; Aragon v. State, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

III.

WILSON'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS WERE PROPERLY DISMISSED

A. Wilson Fits Into the Classification of Persistent Violator Under I.C. § 19-2514
Wilson claims that he has only one prior felony conviction, and therefore there was an issue of material fact that his counsel was deficient and prejudiced him by not challenging his status as a persistent violator. As previously noted, the state's answer to this claim included two certified copies of judgments of conviction against Wilson and asked the district court to take judicial notice of the applicable case files. The district court subsequently found that Wilson failed to establish that one of his alleged prior felony convictions was a misdemeanor.
Wilson has failed to include the prior case files as exhibits on this appeal. It is the appellant's responsibility to provide an adequate record to substantiate his or her claims on appeal. State v. Beason, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct.App.1991); State v. Murinko, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct.App.1985). We will not presume any error by the district court in the absence of an adequate record on appeal to support an appellant's claims. Beason, 119 Idaho at 105, 803 P.2d at 1011; Murinko, 108 Idaho at 873, 702 P.2d at 911. Missing portions of the record must be presumed to support the action of the district court. State v. Mowrey, 128 Idaho 804, 805, 919 P.2d 333, 334 (1996); State v. Beck, 128 Idaho 416, 422, 913 P.2d 1186, 1192 (Ct.App.1996). Because Wilson has failed to supply an adequate record to support his claim that one conviction was a misdemeanor and not a felony, we are unable to determine if an issue of material fact existed at the time of summary dismissal. We therefore must presume that the complete record below supported the district court's finding that it was "undisputed" that Wilson's two prior convictions were felonies.
Furthermore, looking at the judgment of conviction attached to the state's answer and relied upon by Wilson, it appears that the challenged conviction was indeed a felony. Wilson claims that the pronounced sentence of one year to the county jail is a sentence more representative of a misdemeanor than a felony. However, looking closely at the judgment of conviction, it shows that Wilson violated an agreement of supervision made with *1210 the Idaho Department of Correction (IDC). Probation with the IDC can only be received for a felony conviction. I.C. § 20-219. Misdemeanor convictions result in court supervised probation, not IDC probation. See also I.C. § 19-2601(1).
Thus, Wilson cannot show ineffective assistance of counsel in failing to challenge his status as a persistent violator.

B. Due Process Does Not Require That Wilson Be Given Actual Notice of the Felony Enhancement Provisions
Wilson claims that he has been denied due process because he was not warned in 1990 that his felony DUI conviction could be used as much as ten years later to enhance a subsequent DUI charge to a felony; and that his counsel was ineffective in failing to raise this defense. Wilson is well aware that the law did not provide as much in 1990, but he nevertheless asserts that due process requires that he should have been so warned. Therefore, Wilson maintains that his 1990 DUI felony conviction could not be used to enhance his 1995 DUI offense.
The due process clause of the United States Constitution does not require that a defendant be provided notice at the time of sentencing that his conviction may be used for sentencing enhancement at a later date should the defendant be convicted of another crime. Nichols v. United States, 511 U.S. 738, 748, 114 S.Ct. 1921, 1928, 128 L.Ed.2d 745, 755 (1994). The United States Supreme Court considered the ramifications of requiring such notice and summarized the issue by saying:
would a ... [state] court have to warn the defendant about permutations and commutations of recidivist statutes in 49 other states, as well as the criminal history provision of the Sentencing Guidelines applicable in federal courts? And a warning at the completely general levelthat if he is brought back into court on another criminal charge, a defendant ... will be treated more harshlywould merely tell him what he must surely already know.
Nichols, 511 U.S. at 748, 114 S.Ct. at 1928, 128 L.Ed.2d at 755.
We find this reasoning persuasive as to Wilson's constitutional claim.
Nevertheless, Wilson was entitled to written notice of the penalties for subsequent violations at his sentencing in 1990 pursuant to I.C. § 18-8005(1)(c) as it then existed. But see State v. Nickerson, 121 Idaho 925, 929, 828 P.2d 1330, 1334 (Ct.App.1992) (wherein we held that the provisions of I.C. § 18-8005, which require sentencing courts to advise defendants in writing of enhanced penalties of subsequent violations, do not make the written advice a condition precedent to prosecution under the enhanced penalty provision). Wilson does not dispute that he had actual notice in 1990 of the then-current enhancement penalties at the time of sentencing. Yet, Wilson claims that because the law changed in 1992, and because he could not have been given notice of the 1992 penalties for subsequent DUI convictions in 1990, due process dictates that his 1990 felony DUI conviction cannot be used to enhance his 1995 DUI charge to a felony.
Wilson's assertions are incorrect. In 1990, Wilson was only required by statute to be given notice of the then-current possible penalties for further convictions. It is immaterial that the law changed in 1992, making the penalty for subsequent DUI convictions more harsh. In point of fact, the legislature could have elevated the penalty for any DUI to a felony crime. If the legislature so decided, a person correctly apprised prior to such law change that a first DUI conviction is a misdemeanor could not validly assert that he or she should be "grandfathered in," such that a subsequent DUI conviction could only be punished as a misdemeanor. See State v. Brander, 280 Mont. 148, 930 P.2d 31, 35 (1996).
It should also be noted that the 1992 revision to I.C. § 18-8005(7) is not the reason Wilson finds himself before the court again. It was Wilson's own behavior that resulted in his 1995 DUI charge and caused the updated I.C. § 18-8005(7) to have an effect on the length of his sentence. Had Wilson not again chosen to drive while under the influence, his prior DUIs would be irrelevant. As was said in Nichols, supra, surely a defendant *1211 knows that if he or she is arrested again for DUI, the punishment may be more harsh.
Finally, it is axiomatic that citizens are presumptively charged with knowledge of the law once such laws are passed. Atkins v. Parker, 472 U.S. 115, 130, 105 S.Ct. 2520, 2529, 86 L.Ed.2d 81, 93 (1985); North Laramie Land Co. v. Hoffman, 268 U.S. 276, 283, 45 S.Ct. 491, 494, 69 L.Ed. 953, 957 (1925). Ignorance of the law is not a defense. Smith v. Zero Defects, Inc., 132 Idaho 881, 887, 980 P.2d 545, 551 (1999); State v. Fox, 124 Idaho 924, 926, 866 P.2d 181, 183 (1993). "The entire structure of our democratic government rests on the premise that the individual citizen is capable of informing himself about the particular policies that affect his destiny." Atkins, 472 U.S. at 131, 105 S.Ct. at 2530, 86 L.Ed.2d at 94.
Accordingly, the requirements of due process were satisfied in Wilson's case. As such, Wilson has no claim that he received ineffective assistance of counsel in this regard.

IV.

IDAHO CODE § 18-8005(7) AUTHORIZES THE USE OF PRE-1992 FELONY DUI CONVICTIONS FOR ENHANCEMENT PURPOSES
Wilson argues that I.C. § 18-8005(7), as a matter of statutory interpretation, does not encompass the use of pre-1992 DUI felony convictions for enhancement purposes, and therefore his 1990 DUI conviction cannot be used to elevate his 1995 DUI charge to a felony offense. As support, Wilson references the 1984 version of the Idaho DUI law that disallowed use of DUI convictions committed before July 1, 1983, for enhancement purposes. 1984 Idaho Sess. Laws ch. 22, § 2 p. 31. Wilson contends that failure to include such a provision in the 1992 amendment to I.C. § 18-8005(7) indicates a legislative intent to prohibit the use of pre-1992 convictions for felony enhancement.[3] We disagree.
Because this issue presents us with a purely legal question of statutory interpretation, we exercise free review. Nickerson, 121 Idaho at 927, 828 P.2d at 1332. "The interpretation of a statute always begins with an examination of its literal words." State v. Watts, 131 Idaho 782, 784, 963 P.2d 1219, 1221 (Ct.App.1998). In interpreting the language, "the plain, obvious, and rational meaning is always preferred to any hidden, narrow, or irrational meaning." State v. Arrasmith, 132 Idaho 33, 40, 966 P.2d 33, 40 (Ct.App.1998). Where the language is unambiguous, the clearly expressed legislative intent must be given effect and no statutory construction is required. Watts, 131 Idaho at 784, 963 P.2d at 1221.
Idaho Code § 18-8005(7) was amended in 1992 to provide that "any person who has pled guilty or has been found guilty of a felony violation of the provisions of section 18-8004 ... and within ten (10) years pleads guilty or is found guilty of a further violation of the provisions of section 18-8004 ... shall be guilty of a felony." (emphasis added) By using different tenses to describe the prerequisite DUI conviction, this code section plainly expresses the intent that a pre-1992 felony violation of I.C. § 18-8004 can be used to enhance a subsequent DUI charge to a felony. In describing the prerequisite DUI felony, the statute uses the word "pled" and the phrase "has been found guilty" to denote a past tense. Contrast this with the description of the triggering act that uses the word "pleads" and the phrase "is found guilty" to denote a present or subsequent action. A plain interpretation of the words chosen by the legislature in I.C. § 18-8005(7) evidences an intent that a pre-1992 felony DUI conviction may properly be used to enhance a post-1992 DUI charge to a felony.
*1212 Moreover, where a statute with respect to one subject contains a certain provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed. Kopp v. State, 100 Idaho 160, 164, 595 P.2d 309, 313 (1979). In 1984, the Idaho Legislature specifically excluded the use of misdemeanor DUI convictions committed prior to July 1, 1983, for enhancement purposes. 1984 Idaho Sess. Laws, ch. 22, § 2, p. 31. Conversely, the 1992 amendment does not contain such a provision excluding felony DUI convictions entered prior to 1992 for enhancement purposes. Had the legislature intended to exclude pre-1992 DUI felony convictions from the ambit of I.C. 18-8005(7), it could easily and clearly have done so in the enactment. See Nickerson, 121 Idaho at 929, 828 P.2d at 1334. By not doing so, the legislature is presumed to have a different intent regarding the use of prior convictions in 1992 than it did in 1984. Kopp, 100 Idaho at 164, 595 P.2d at 313; see also Stroud v. Dept. of Labor and Ind. Serv., 112 Idaho 891, 892, 736 P.2d 1345, 1346 (Ct.App.1987).
Finally, the Idaho Legislature, in dealing with DUIs from 1984 forward, has enacted criminal statutes imposing greater punitive measures designed to impress upon the defendant the serious consequences of subsequent violations, and thus deter the defendant from committing repeat offenses. Nickerson, supra. We do not think the Idaho Legislature intended to "wipe the slate clean" up to 1992 before the ten-year DUI felony conviction limitation would take effect. Accordingly, we decline to interpret I.C. § 18-8005(7) in such a fashion as would give offenders with a prior DUI felony conviction the opportunity to commit repeat violations without incurring those enhanced penalties.

V.

CONCLUSION
For the above stated reasons, we affirm the district court's order summarily dismissing Wilson's post-conviction application.
Chief Judge PERRY, and Judge LANSING, concur.
NOTES
[1] Wilson's two prior DUI convictions were also from the Third Judicial District, Canyon County.
[2] In State v. Nickerson, 132 Idaho 406, 973 P.2d 758 (Ct.App.1999), we held that the application of I.C. § 18-8005(7) to a defendant whose previous felony DUI conviction occurred prior to the statute's enactment was not an ex post facto application of law. See also Esquivel v. State, 128 Idaho 390, 391, 913 P.2d 1160, 1161 (1996) (a statute is not made retroactive merely because it draws upon facts antecedent to its enactment for its operation).
[3] It appears that the district court misconstrued Wilson's argument. In response to Wilson's assertion that I.C. § 18-8005(7) does not contemplate using pre-1992 convictions for felony enhancement, the district court merely restated its decision that I.C. 18-8005(7) is not an ex post facto law and only affects the sentencing for Wilson's 1995 conviction, not his 1990 DUI conviction. This is true, as Wilson has conceded, but Wilson sought a statutory construction analysis by the district court to determine if the legislature, in adopting I.C. § 18-8005(7), contemplated use of pre-1992 DUI felony convictions for enhancement purposes.