# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 36768

| | | |
|---|---|---|
| MARK VICKREY, | ) | 2010 Unpublished Opinion No. 501 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 7, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Thomas F. Neville, District Judge.

Order dismissing petition for post-conviction relief, <u>affirmed</u>.

Mark Vickrey, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

Mark Vickrey appeals after the district court summarily dismissed his petition for post-conviction relief as untimely and denied Vickrey's motion for reconsideration.  Vickrey argues that the district court erred by dismissing his petition without notice and by not considering Vickrey's petition on the merits, either because the statute of limitations was tolled or because the court could have considered the petition to be for a writ of habeas corpus.  Vickrey also argues that the district court erred in denying his motion for reconsideration without first holding a hearing.

1

# I.

## BACKGROUND

In January 2005 or 2006,[1] Vickrey was convicted of sexual battery of a minor. He did not appeal his judgment of conviction. Vickrey filed a post-conviction petition on February 4, 2009, alleging various grounds for relief. The State moved to dismiss Vickrey's petition as untimely pursuant to Idaho Code § 19-4902, which requires that a post-conviction petition be filed within one year from the later of the expiration of the time for appeal from the judgment of conviction, the determination of an appeal, or the determination of a proceeding following an appeal. The district court held that Vickrey's petition was barred by the statute of limitations and dismissed it. Vickrey filed a motion to reconsider, which the district court denied.

Vickrey appeals from the dismissal order and the denial of his motion for reconsideration. Vickrey argues that the district court should have filed a notice of its intent to dismiss his petition before actually dismissing it. He also asserts that the statute of limitations for his petition was tolled or, alternatively, that the court could have considered the petition as one seeking a writ of habeas corpus, to which the statute of limitations in I.C. § 19-4902 did not apply. Vickrey argues that this Court should "reinstate" his right to appeal his judgment of conviction and asserts that he was denied effective assistance of counsel in his criminal case. Concerning his motion for reconsideration, Vickrey contends that the district court should have held a hearing before denying it.

---

[1] The record on appeal does not include Vickrey's underlying conviction record and the district court, the State, and Vickrey all use different dates to determine the relevant statute of limitations period and characterize those dates differently. In its decision dismissing Vickrey's post-conviction petition as untimely, the district court used Vickrey's date of sentencing and stated that Vickery was sentenced on January 12, 2006. However, Vickrey characterizes the January 12, 2006, date as when the court relinquished jurisdiction. He claims he was sentenced on January 10, 2005. The State below said that the final judgment and conviction was entered on January 19, 2005, but asserts on appeal that it was entered on January 11, 2005. Nevertheless, Vickrey's petition would be untimely regardless of which of these dates is used and Vickrey does not contend on appeal that his petition was filed within one year after expiration of the time for appeal from the judgment of conviction.

## II.

## DISCUSSION

A petition for post-conviction relief initiates a civil proceeding. *Wilson v. State*, 133 Idaho 874, 877, 993 P.2d 1205, 1208 (Ct. App. 2000); *Hassett v. State*, 127 Idaho 313, 315, 900 P.2d 221, 223 (Ct. App. 1995). Summary dismissal by the district court is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. *Hassett*, 127 Idaho at 315, 900 P.2d at 223. We will uphold a summary dismissal on appeal if the alleged facts, if true, would nevertheless not entitle petitioner to relief as a matter of law. *Matthews v. State*, 122 Idaho 801, 807, 839 P.2d 1215, 1221 (1992); *Wilson*, 133 Idaho at 877, 993 P.2d at 1208. Legal conclusions are reviewed *de novo*. *Owen v. State*, 130 Idaho 715, 716, 947 P.2d 388, 389 (1997); *Wilson*, 133 Idaho at 878, 993 P.2d at 1209.

A. **The District Court Was Not Required to File a Notice of Intent to Dismiss**

The State filed a motion to dismiss Vickrey's post-conviction action on March 2, 2009, arguing that Vickrey's action was time-barred. Three months later, over a month after appointing counsel for Vickrey, the district court granted the State's motion and dismissed Vickrey's post-conviction action. Vickrey now argues that the court erred in dismissing his petition without first issuing a notice of intent to dismiss.

Presumably, Vickrey bases his argument on I.C. § 19-4906(b), which requires that the district court give a petitioner twenty days' notice before *sua sponte* dismissing a post-conviction petition. *Buss v. State*, 147 Idaho 514, 517, 211 P.3d 123, 126 (Ct. App. 2009). However, if the State files and serves a properly supported motion to summarily dismiss pursuant to I.C. § 19-4906(c), further notice from the court is ordinarily unnecessary because the motion itself serves as notice. *Saykhamchone v. State*, 127 Idaho 319, 321-22, 900 P.2d 795, 797-98 (1995); *Buss*, 147 Idaho at 517, 211 P.3d at 126. Because the district court here summarily dismissed by granting the State's motion, no further notice was required and Vickrey's argument fails.

B. **The District Court Correctly Dismissed Vickrey's Petition as Time-Barred**

1. **Equitable tolling**

Vickrey first contends that the district court should have addressed his petition on the merits because the statute of limitations was tolled. Vickrey argues it was tolled by actual innocence, by prosecutorial misconduct amounting to a violation of the State's duty of disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963), by a "state created barrier" in the form of

3

insufficient access to legal resources, and by the district court not instructing Vickrey on tolling standards and not ensuring that Vickrey's attorney briefed a tolling argument to the district court.[2] Both Vickrey's actual innocence claim and his prosecutorial misconduct claim arise out of the same facts. Vickrey argues that the prosecution had DNA evidence that was mentioned to the grand jury but was never tested and that could have proven Vickrey's innocence.

The Idaho Supreme Court has recognized that rigid application of the statute of limitations "would preclude courts from considering 'claims which simply are not known to the defendant within the time limit, yet raise important due process issues.'" *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009). Thus, in instances of a *Brady* violation, the limitations period may be tolled until discovery of the *Brady* violation. *Rhoades*, 148 Idaho at 251, 220 P.3d at 1070. In addition, equitable tolling in a post-conviction action has been recognized by Idaho appellate courts where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials and where mental disease and/or psychotropic medication prevented the petitioner from timely pursuing challenges to the conviction. *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009).

In reviewing claims of equitable tolling, this Court must first consider whether the asserted claims "raise important due process issues" sufficient to trigger equitable tolling. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069. Next, the Court must determine whether any claims that would be entitled to equitable tolling have been adequately supported by the facts and claims in the pleadings. *Id*. at 251, 220 P.3d at 1070. In other words, the petitioner must establish a prima facie case of the claims entitled to equitable tolling. *Id*. at 253, 220 P.3d at 1072.

To establish a prima facie case for the "actual innocence" claim, Vickrey "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 253, 220 P.3d at 1072 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Vickrey has not met this burden. First, he does not suggest the DNA evidence is newly

---

[2] Vickrey argued below that *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006), created new law that operated to toll the statute of limitations on post-conviction actions for certain claims. Vickrey does not make this argument on appeal. He argues only that *Estrada* lends merit to his substantive ineffective assistance of counsel argument such that a genuine issue of material fact exists barring dismissal.

discovered evidence; he admits that the prosecution had disclosed its existence at the grand jury proceeding and was therefore available to his defense attorney. He thus has shown no reason why this claim could not have been presented within the one-year limitations period. Further, Vickrey's argument that the State should have tested the DNA evidence before entering into a plea agreement with Vickrey does not show that this evidence would prove his innocence as required by the *Rhoades* and *Schlup* standard. As Vickrey has not presented this Court with a prima facie showing of actual innocence, this claim cannot be the basis for equitable tolling.

There is likewise no merit in Vickrey's contention that the limitations period should be tolled because the prosecution committed misconduct amounting to a *Brady* violation by failing to give Vickrey DNA evidence in its possession. Due process requires that material exculpatory evidence known to the State or in its possession be disclosed to the defendant. *Brady*, 373 U.S. at 87; *Dunlap v. State*, 141 Idaho 50, 64, 106 P.3d 376, 390 (2004). A *Brady* violation is found if (1) there was undisclosed evidence favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence was suppressed by the State, either willfully or inadvertently; and (3) prejudice ensued. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Dunlap*, 141 Idaho at 64, 106 P.3d at 390. If there was no undisclosed evidence, there can be no *Brady* violation. Here, Vickrey does not contend that he was unaware of the DNA evidence. Rather, his complaint seems to be that it was not tested. *Brady* only requires that the State disclose the existence of potentially exculpatory evidence, not that it test the evidence on behalf of the defendant. Therefore, no *Brady* violation is shown and there has been no showing why this claim, even if meritorious, could not have been brought within the limitations period.

Vickrey also contends that the statute of limitations should be tolled because the State created a barrier to his action by not providing sufficient access to legal resources. Prisoners have a constitutional right of access to the courts, guaranteed by the Fourteenth Amendment, for purposes of challenging their convictions, sentences, or the conditions of their confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Drennon v. Hales*, 138 Idaho 850, 853, 70 P.3d 688, 691 (Ct. App. 2003). The right of access is "a right to bring to court a grievance that the inmate wishe[s] to present," but does not require a system that would "enable the prisoner to *discover* grievances [or] to *litigate effectively* once in court." *Lewis*, 518 U.S. at 354 (emphasis in original). A deprivation of the means to access the courts for redress is a sufficient due process violation that may trigger equitable tolling. *Rhoades*, 148

5

Idaho at 251, 220 P.3d at 1070; *Martinez v. State*, 130 Idaho 530, 536, 944 P.2d 127, 133 (Ct. App. 1997). However, Vickrey has not asserted any facts that would lend support to a conclusion that he was deprived of his "right to bring to court a grievance." Specifically, he has not shown how the absence of access to a law library prevented him from filing a petition for post-conviction relief within one year after the time expired for an appeal from his judgment of conviction. Vickrey was able to file his petition in February 2009, and has provided no explanation of why the same petition could not have been written and filed years earlier.

Vickrey contends that the district court erred by not apprising Vickrey or his attorney of the necessity of making a tolling argument. Again, his claim is incorrect. Neither Vickrey nor his attorney was entitled to receive legal advice from the court.

In summary, Vickrey has not presented any facts that would support equitable tolling of the statute of limitations in his case.

### 2. Conversion to habeas corpus petition

Vickrey next contends that the district court should have addressed Vickrey's petition on the merits by converting it to a habeas corpus petition. This argument is unavailing as a habeas corpus petition cannot raise the type of issues that Vickrey asserts.

A habeas corpus petition may be filed to request determination of State or federal constitutional questions concerning conditions of confinement, revocation of parole, miscalculation of sentence, loss of good time credits, or a detainer lodged against a prisoner. I.C. §§ 19-4203(2)(a)-(e), 19-4209(5)(a)-(e); *State v. Parrott*, 138 Idaho 40, 42-43, 57 P.3d 509, 511-12 (Ct. App. 2002). The arguments in Vickrey's petition, however, attack the validity of his conviction, not the conditions of his confinement or any of the other enumerated grounds for a habeas petition. As Vickrey's petition does not raise valid habeas corpus claims, the court did not err in declining to reach the merits of Vickrey's petition by treating it as a habeas petition.

### C. Vickrey's Reinstatement of the Right to Appeal and Ineffective Assistance of Counsel Issues Are Not Properly Before This Court

Because Vickrey's claims are time-barred, we will not address his substantive arguments concerning his alleged ineffective assistance of counsel nor his claim that this Court should reinstate his right to a direct appeal.[3]

---

[3]     Vickrey cites *Estrada* to support his conclusion that a genuine issue of material fact exists concerning his ineffective assistance of counsel claims that precludes dismissal of his action.

**D.     The District Court Was Not Required to Hold a Hearing Before Denying Vickrey's Motion for Reconsideration**

Lastly, Vickrey argues that he was entitled to a hearing on his motion for reconsideration. As no factual issue was before the district court, Vickrey was not entitled to an evidentiary hearing.  *See Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App. 1988).  To the extent Vickrey is arguing that he should have been allowed to make an oral argument to the court before the court's decision, his argument fails because I.R.C.P. 7(b)(3)(D) states that oral argument on a motion is not a requirement but entirely within the discretion of the trial court.  *Cf. Lamm v. State*, 143 Idaho 763, 766, 152 P.3d 634, 637 (Ct. App. 2006).  We find no abuse of discretion.

## III.

## CONCLUSION

The district court's order dismissing Vickrey's petition for post-conviction relief is affirmed.  No costs or attorney fees on appeal.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

---

This is simply an argument that Vickrey's ineffective assistance of counsel claim is meritorious based on the holding in *Estrada*; it does not address the only question properly before this Court, which is whether Vickrey's petition is time-barred.