**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 36875**

| | | |
|---|---|---|
| **JODY ALLEN JOHNSON,** | ) | **2010 Unpublished Opinion No. 721** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: November 30, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Jody Allen Johnson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

Jody Allen Johnson appeals from the summary dismissal of his petition for post-conviction relief.

## I.

## BACKGROUND

In 2000, Johnson was convicted of first degree murder and sentenced to a unified life term of imprisonment with forty-five years determinate. This Court affirmed Johnson's conviction and sentence in November 2001, and a remittitur was filed January 22, 2002. *State v. Johnson*, 136 Idaho 701, 39 P.3d 641 (Ct. App. 2001). Over seven years later, on May 22, 2009, Johnson filed a petition for post-conviction relief initiating this action. Johnson also requested appointed counsel to represent him in the post-conviction action.

In Johnson's petition he asked the court to excuse his late filing because of his lack of legal education and knowledge. He further argued that the statute of limitation for his post-conviction petition should be tolled because the Idaho Constitution uses the word "inalienable"

1

to describe his right to defend his liberty, meaning that the right cannot be forfeited by a statute of limitation. The crux of Johnson's petition was that his counsel had been ineffective for various reasons, such as failing to raise certain defenses. However, Johnson never asserted that the alleged acts of ineffectiveness were recently discovered or unknown to him at the time of trial.

The district court issued a notice of intent to summarily dismiss Johnson's petition because Johnson had not asserted any recognized basis to toll the statute of limitation, and the court initially denied Johnson's request for counsel. Johnson replied to the district court's notice, asserting "actual innocence" as an additional excuse for his late filing. The district court then issued another notice of its intent to summarily dismiss the petition, stating that a claim of actual innocence does not toll the statute of limitation. The court also appointed counsel for Johnson. His counsel subsequently filed a "notice of non-filing" with the court stating that counsel's legal research had revealed no cause for filing an amended petition. The court thereafter summarily dismissed this action.

Johnson timely appealed and was appointed appellate counsel. However, appellate counsel was allowed to withdraw. Johnson filed pro se appellate briefs and argues that the district court erred in summarily dismissing his petition for untimeliness.

## II.

## DISCUSSION

On appeal, Johnson abandons all arguments for tolling except his argument that because his right to defend his liberty is "inalienable" it cannot be terminated by a statute of limitation. Indeed, he states the district court misperceived the tolling exception he was trying to argue as evidenced by its addressing "ignorance of the law" and "actual innocence" in its notices to summarily dismiss and holding that they were not valid tolling exceptions.

A petition for post-conviction relief initiates a civil proceeding. *Wilson v. State*, 133 Idaho 874, 877, 993 P.2d 1205, 1208 (Ct. App. 2000); *Hassett v. State*, 127 Idaho 313, 315, 900 P.2d 221, 223 (Ct. App. 1995). Summary dismissal by the district court is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. *Hassett*, 127 Idaho at 315, 900 P.2d at 223. We will uphold a summary dismissal on appeal if the alleged facts, if true, would nevertheless not entitle petitioner to relief as a matter of law. *Matthews v. State*, 122 Idaho 801, 807, 839 P.2d 1215, 1221 (1992); *Wilson*, 133 Idaho at 877, 993 P.2d at 1208. Legal

2

conclusions are reviewed *de novo*. *Owen v. State*, 130 Idaho 715, 716, 947 P.2d 388, 389 (1997); *Wilson*, 133 Idaho at 878, 993 P.2d at 1209.

The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a); *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003). Untimeliness of a petition is a basis for dismissal of the case. *Evensiosky v. State*, 136 Idaho 189, 190-91, 30 P.3d 967, 968-69 (2001); *Sayas*, 139 Idaho at 959, 88 P.3d at 778.

The Idaho Supreme Court has recognized that rigid application of the statute of limitation "would preclude courts from considering claims which simply are not known to the defendant within the time limit, yet raise important due process issues." *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009). In addition, equitable tolling of the statute of limitation for post-conviction actions has been recognized where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials and where mental disease and/or psychotropic medication prevented the petitioner from timely pursuing challenges to the conviction. *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009).

In this case, Johnson filed his petition more than seven years after issuance of the remittitur in the appeal from his judgment of conviction--far beyond the one-year statute of limitation. Therefore, Johnson's petition is time-barred unless equitable tolling applies. Johnson's "inalienable means unforfeitable" tolling argument is not among the above-mentioned tolling situations that have heretofore been recognized by Idaho courts. Johnson's contention that there is some constitutional guarantee of an unrestricted, interminable right to litigate claimed defenses against a deprivation of liberty is incorrect. The United States Constitution and the Idaho Constitution prohibit the deprivation of liberty only when it is done "without due process of law." U.S. CONST. amend. XIV, § 1; IDAHO CONST. art. 1, § 13. While a rigid application of the statute of limitation for post-conviction actions could conceivably deprive a petitioner of due process--as in the circumstances recognized in *Rhoades* and *Leer*--Johnson has shown no deprivation of due process in this case. He has not even alleged, much less made an evidentiary showing, that he was for any reason unable to pursue his post-conviction claims during the one-year limitation period established by I.C. § 19-4902(a). This one-year

opportunity to present any claim for post-conviction relief was sufficient to satisfy the guarantee of due process. *See Evensiosky*, 136 Idaho 189, 30 P.3d 967. Because Johnson has not asserted any recognized basis for tolling the statute of limitation and has not demonstrated that its application would deprive him of due process, his petition is time-barred.

The order of the district court summarily dismissing Johnson's petition for post-conviction relief is affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**