**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38934**

| | | |
|---|---|---|
| **KEVIN LEE FARNSWORTH,** | ) | **2012 Unpublished Opinion No. 419** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: March 29, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Kevin Lee Farnsworth, Cottonwood, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Kevin Lee Farnsworth appeals from the district court's order summarily dismissing his application for post-conviction relief. Farnsworth contends that his sentence should be reduced for the reason his sentence will exceed the maximum punishable under Idaho law. Farnsworth also claims that he received ineffective assistance of counsel. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Farnsworth was sentenced in 2001 after being convicted of sexual abuse of a child under the age of sixteen years, Idaho Code § 18-1506. The district court imposed a unified sentence of eight years with four years determinate. Farnsworth's sentence was suspended after he participated in a retained jurisdiction program, and he was placed on probation. After completing approximately six and one-half years of probation, Farnsworth's probation was revoked. As a result, the district court reinstated Farnsworth's original sentence.

1

Farnsworth filed a post-conviction application seeking relief from his judgment. He specifically claims his sentence exceeds the maximum punishable under Idaho law and he is entitled to receive credit for the time served while on probation. Farnsworth also claims his counsel was deficient for failing to inform him of the terms of probation. The district court filed a notice of intent to dismiss the application for failure to state a claim, and gave Farnsworth twenty days to respond. Farnsworth failed to respond to the motion and the district court entered an order dismissing the application. Farnsworth timely appeals.

## II.

## DISCUSSION

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of

the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

"When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id*.

**A.      Credit for Time Served**

Farnsworth claims he should receive credit for the time he served while on probation.  He argues if he is not credited for the time on probation, the total time he will be subject to the Department of Correction authority will exceed the maximum allowed by Idaho law.  Whether the district court properly applied the law governing credit for time served to the facts is a question of law over which we exercise free review.  *Taylor v. State*, 145 Idaho 866, 869, 187 P.3d 1241, 1244 (Ct. App. 2008); *State v. Brashier*, 130 Idaho 112, 113, 937 P.2d 424, 425 (Ct. App. 1997).  Farnsworth was convicted of violating I.C. § 18-1506, which carries a maximum prison sentence of fifteen years.  I.C. § 18-1506(4).  Idaho law provides:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.  The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

I.C. § 18-309.  While defendants are entitled to receive credit for time spent incarcerated before sentencing, they are not entitled to credit for time served as a condition of probation.  *State v. Banks*, 121 Idaho 608, 609-10, 826 P.2d 1320, 1321-22 (1992).  The sentence does not continue to run because it is suspended while the defendant is on probation.  However, time spent incarcerated as part of a retained jurisdiction program does count as service on a sentence.  *See Lake v. Newcomb*, 140 Idaho 190, 196, 90 P.3d 1272, 1278 (Ct. App. 2004).  Moreover, Idaho courts have held that time spent on probation is not considered "incarceration" and therefore should not be credited towards a prison sentence.  *See, e.g.*, *Muchow v. State*, 142 Idaho 401, 403, 128 P.3d 938, 940 (2006); *Taylor*, 145 Idaho at 869-70, 187 P.3d at 1244-45.

In this case, the district court correctly credited Farnsworth for his time served while incarcerated as part of a retained jurisdiction program.  Likewise, the court was correct in not crediting Farnsworth for the six and one-half years he spent on probation.  Additionally, because the six and one-half years cannot be added to the sentence, Farnsworth's unified sentence of eight years with four years determinate does not exceed the maximum term prescribed by I.C. § 18-1506(4).

4

**B.      Ineffective Assistance of Counsel**

Farnsworth claims that both his public defender and his private counsel were ineffective by failing to inform him that if the probation was eventually revoked, the time he served on probation would not count toward the prison sentence. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

An attorney has the duty to inform his or her client of certain legal rules and consequences, including the direct consequences of a guilty plea. *See Jakoski v. State*, 136 Idaho 280, 285, 32 P.3d 672, 677 (Ct. App. 2001); *Wilson v. State*, 133 Idaho 874, 993 P.2d 1205 (Ct. App. 2000); *Carter v. State*, 116 Idaho 468, 468-69, 776 P.3d 830, 830-31 (Ct. App. 1989). Direct consequences are the immediate and automatic consequences of the guilty plea. *Jakoski*, 136 Idaho at 285, 32 P.3d at 677 (citing *Warren v. Richland County Circuit Court*, 223 F.3d 454 (7th Cir. 2000)). The possible consequences of a future probation violation are collateral, not direct. *Id.* The tangential and remote consequences of Farnsworth's possible probation violations, and subsequent revocation, do not fall among the litany of information of which trial counsel has an affirmative duty to inform a defendant or be deemed deficient for failure to do so. Thus, we hold that even if Farnsworth's allegations are true, the district court properly granted summary dismissal as to his claim of ineffective assistance of counsel.

Farnsworth also claims that his counsel was ineffective for failing to file an Idaho Appellate Rule 35 motion. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted

5

incompetent performance. *Boman v. State,* 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court is generally determinative of both prongs of the *Strickland* test. *Id.* Farnsworth was not entitled to receive credit for time served while on probation and a Rule 35 motion seeking to reduce the sentence on that basis would have been unsuccessful. Therefore, any inactivity of Farnsworth's counsel did not constitute ineffective assistance of counsel.

Lastly, Farnsworth claims he was denied the right to a polygraph examination. He claims he specifically requested his counsel to schedule a polygraph prior to his probation revocation proceeding. Farnsworth only addresses this issue in his appellant's brief and did not raise it before the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

### III.

### CONCLUSION

Farnsworth has failed to show that he should receive credit for the time he served while on probation; and he has also failed to show that he is entitled to relief for ineffective assistance of counsel. The district court's order summarily dismissing Farnsworth's application for post-conviction relief is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**