# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 46377

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **Boise, January 2020 Term** |
| **Plaintiff-Appellant,** | ) | |
| v. | ) | **Opinion Filed: February 13, 2020** |
| **AARON ARTHUR ROTH** | ) | |
| | ) | **Karel A. Lehrman, Clerk** |
| **Defendant-Respondent.** | ) | |
| _____ | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Samuel A. Hoagland, District Judge.

The district court's dismissal of Roth's conviction under ICR 48(a)(2) is <u>reversed</u>. This case is <u>remanded</u> for further proceedings consistent with this Opinion.

Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for Appellant. Kale Gans argued.

Eric Frederickson, Idaho State Appellate Public Defender, Boise, attorney for Respondent. Elizabeth Allred argued.

_____

BEVAN, Justice

## I. NATURE OF THE CASE

In 2011, a district court granted Aaron Arthur Roth a temporary furlough while he was in jail for a probation violation. Under the furlough order, Roth was released from custody on December 22, 2011. Roth failed to return. In 2017, six years after he absconded, Roth was arrested and later charged with escape, a felony under Idaho Code section 18-2505. A jury found Roth guilty of escape. Roth then moved the district court for a judgment of acquittal under Idaho Criminal Rule ("I.C.R.") 29, or in the alternative, to dismiss pursuant to I.C.R. 48(a)(2). The district court granted the motion to dismiss under I.C.R. 48(a)(2). The State appeals the district court's dismissal. We reverse.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Roth was arraigned for a probation violation. Roth was a Boise State University student and had allegedly missed his finals while incarcerated. At the arraignment hearing, Roth requested the district court lower bond so he could return to Boise State University and attempt to salvage his semester grades. The district court authorized a one-day furlough rather than lowering bond. The district court explained:

> [W]hat I would do is authorize a one-day furlough for the defendant to contact [Boise State University] in an effort to salvage his education so he can . . . get his grades to withdraw as opposed to a failure. But I'm not going to let him out on bond so that he can go party for the next couple of weeks until he is next due in court. So that furlough can be taken sometime between now and Friday at the convenience of the jail to be released no sooner than 7:30 a.m. and returned to custody no later than 6:00 p.m. . . . and the terms are to the University to deal with the issues of missing your finals and attempting to sort out whatever is going on with the University to maintain your status as a student there. . . . Obviously no new crimes. . . . Any of that and you're guaranteeing yourself a bad outcome . . . in other words, full terms of your probation continue in force during that. . . . If someone will present me an order so we can let the jail know, we'll do that.

Roth's attorney drafted the furlough order issued on December 21, 2011. The furlough order provided that Roth would be temporarily released from the Ada County jail on Thursday, December 22, 2011, from 7:00 a.m. until 6:00 p.m. The furlough order specifically stated: "[o]nce released, the sheriff of Ada County is also directed to serve a copy of this furlough order upon [Roth]." The furlough order also provided:

> **ESCAPE ADVISORY:**
> **TO: AARON ROTH, YOU ARE HEREBY NOTIFIED AS FOLLOWS:**
> <u>Although outside the walls of Ada County jail, you are still under the custody and control of the Ada County sheriff and, therefore, subject to the following:</u>
> The voluntary and willful failure of any inmate to abide by the terms of this furlough or to return to the Ada County jail prior to or at the expiration of the time allowed for this furlough shall be considered an escape or attempt to escape, as the case may be, from the custody of the Ada County sheriff and shall be punishable pursuant to section 18-2505, Idaho Code.

Jail records show Roth was released at 6:33 a.m. on December 22, 2011. A temporary release form included a checked box that indicated Roth was provided a copy of the furlough order; however, this issue was contested below and the district court found that the State had not proven that a physical copy of the order was provided to Roth. Roth failed to return to custody by 6:00 p.m. in compliance with the furlough order.

2

In 2017, Roth was arrested on a fugitive warrant issued in connection with his failure to return. Roth was charged with escape, a felony under Idaho Code section 18-2505. Roth moved the district court to dismiss the case many times.[1] All pretrial motions to dismiss were denied. The case went to trial. After both sides had rested, Roth again moved the district court to dismiss for insufficient evidence under I.C.R. 29. Again, the district court denied the motion. A jury then found Roth guilty of escape. Roth once again moved the district court to dismiss for insufficient evidence under I.C.R. 29. The district court reserved ruling on the motion, invited the parties to submit briefing, and set a hearing to discuss the motion further. Adhering to the court's suggestion, Roth submitted briefing requesting the district court dismiss under I.C.R. 29 for insufficient evidence, or in the alternative, dismiss under I.C.R. 48(a)(2). The district court denied the I.C.R. 29 motion, but granted Roth's I.C.R. 48(a)(2) motion. The State moved for reconsideration which the district court denied. The State timely appealed.

### III. ISSUE ON APPEAL

Whether the district court abused its discretion by dismissing the case under I.C.R. 48(a)(2).

### IV. STANDARD OF REVIEW

Idaho Criminal Rule 48(a)(2) provides that the district court, "on notice to all parties, may dismiss a criminal action on its own motion or on motion of any party . . . for any other reason if the court concludes that dismissal will serve the ends of justice and the effective administration of the court's business." The granting or denial of a motion to dismiss is reviewed for an abuse of discretion. *See State v. Dixon*, 140 Idaho 301, 304, 92 P.3d 551, 554 (Ct. App. 2004) ("Rule 48(a) uses the permissive term 'may dismiss' rather than a mandatory 'shall dismiss' and therefore we view the dismissal motion in this case to have been subject to the trial court's discretion."). When this Court reviews for an abuse of discretion, the inquiry examines whether the trial court: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

---

[1] Roth first moved the district court to dismiss for insufficient evidence pursuant to *State v. Rocque*, 104 Idaho 445, 660 P.2d 57 (1983). The district court denied that motion. Roth moved the district court to reconsider. The district court denied the motion to reconsider. Roth then moved the district court to dismiss for insufficient evidence under Idaho Code section 19-815A. The district court also denied that motion.

V. ANALYSIS

The State appeals the district court's dismissal of Roth's case under I.C.R. 48(a)(2). According to the State, the district court abused its discretion by requiring that the State prove Roth was served a copy of the furlough order when notice of the consequences of a failure to return to custody was not an element of the crime of escape. The State argues even if notice were an element of the crime, the district court abused its discretion because sufficient evidence established Roth had been adequately notified. The State also argues the district court abused its discretion because the dismissal barred the State from refiling escape charges against Roth.

Conversely, Roth argues the district court erred when it did not require the State to prove notice as an element of the crime. Roth maintains due process required Roth be served a copy of the furlough order detailing its limitations and potential consequences. Roth argues the State failed to provide sufficient evidence of notice. For the reasons to be discussed below, we reverse the district court's dismissal.

## A. The district court abused its discretion by dismissing Roth's case.

The State argues the district court's dismissal was an abuse of discretion for four reasons. First, the State argues the district court inappropriately required that the State prove notice even though notice was not an element of the crime of escape. Second, the State argues the dismissal did not serve the effective administration of court business because the dismissal occurred after the verdict was returned by the jury. Third, the State argues there is no due process right to be informed of penalties before being charged with a crime. The State maintains even if there is a right to be informed of penalties, the district court abused its discretion because Roth was served a copy of the furlough order. Last, the State argues the dismissal was outside the boundaries of the district court's discretion because jeopardy had attached, and the dismissal effectively barred the State from refiling escape charges against Roth.

A district court has discretion to dismiss criminal actions in some cases pursuant to I.C.R. 48. Rule 48 provides:

> (a) **Dismissal on Motion and Notice**. The court, on notice to all parties, may dismiss a criminal action on its own motion or on motion of any party on either of the following grounds:
>
> . . . .
>
> (2) for any other reason if the court concludes that dismissal will serve the ends of justice and the effective administration of the court's business.

I.C.R. 48(a)(2). "[A]n order of dismissal must state the reasons for dismissal." *State v. Dieter*, 153 Idaho 730, 733, 291 P.3d 413, 416 (2012); *see also State v. Hayes*, 108 Idaho 556, 559, 700 P.2d 959, 962 (Ct. App. 1985) ("An order stating only that the case was dismissed to 'serve the ends of justice' would be insufficient."). "An order for dismissal is not a bar [to any other prosecution] if the offense is a felony." I.C.R. 48(c).

1. The district court abused its discretion by dismissing Roth's case because the dismissal barred the State from refiling escape charges against Roth.

The State relies upon the text of ICR 48(c) to argue that dismissal is not a bar to refiling if the offense is a felony. However, the State maintains that, notwithstanding this language, the district court's dismissal barred it from refiling escape charges against Roth because jeopardy had attached when the jury was empaneled. Therefore, the State argues the district court exceeded the boundaries of its discretion imposed by I.C.R. 48 because the dismissal effectively barred the State from refiling escape charges against Roth. The State is correct.

By its plain language, "[a]n order for dismissal is not a bar [to any other prosecution] if the offense is a felony." I.C.R. 48(c). "Thus, the dismissal and refiling are not prohibited either by the statutes or the criminal rules of this state." *Stockwell v. State*, 98 Idaho 797, 803, 573 P.2d 116, 122 (1977). Use of the rule is thus misdirected once a jury has been empaneled and it cannot be the source for a dismissal after jeopardy[2] has attached.

There is no dispute that jeopardy had fully attached at the time Roth made his last motion to dismiss, citing Rule 29 *and* Rule 48 (for the first time). While denying the Rule 29 motion on the merits, the district court relied on Rule 48 to dismiss the case. Consequently, the State was barred from refiling escape charges against Roth. That result violates the text of the rule. As a result, the district court exceeded "the outer boundaries of its discretion [and] failed to act consistently with the legal standards applicable to the specific choices available to it." *Lunneborg*, 163 Idaho at 863, 421 P.3d at 194. Thus, the court abused its discretion and we reverse its order dismissing this case.

2. The district court abused its discretion by dismissing the case because Roth was adequately notified.

---

[2] "Double jeopardy protection is triggered by the attachment of jeopardy." *State v. Avelar*, 132 Idaho 775, 778, 979 P.2d 648, 651 (1999). Jeopardy attaches when the jury is sworn to hear a criminal trial. *See id.* (citing *State v. Stevens*, 126 Idaho 822, 825–26, 892 P.2d 889, 892–93 (1995)). "The double jeopardy clauses in the Idaho and federal constitutions prohibit putting one in jeopardy twice for the same crime." *State v. Manley*, 142 Idaho 338, 343, 127 P.3d 954, 959 (2005).

5

We next address the concern expressed by the district court in dismissing this case – that due process required Roth be notified of the potential penalties against him if he chose to violate the furlough order. The State argues the district court abused its discretion by erroneously requiring that the State prove notice when the district court specifically held notice was not an element of the crime of escape. In response, Roth asserts notice was not required to convict him of escape but maintains the district court required notice be proven as part of due process requirements. In any case, the State maintains Roth was adequately notified of the consequences of his failure to return to custody.

"A procedural due process inquiry is focused on determining whether the procedure employed is fair." *Bradbury v. Idaho Judicial Council*, 136 Idaho 63, 72, 28 P.3d 1006, 1015 (2001). Thus, "[t]he due process clause of the Fourteenth Amendment prohibits deprivation of life, liberty, or property without fundamental fairness through governmental conduct that offends the community's sense of justice, decency and fair play." *Id*. (internal quotations omitted). At a minimum, procedural due process is satisfied "when the defendant is provided with notice and an opportunity to be heard." *Id*. (quoting *Aberdeen-Springfield Canal Co. v. Peiper*, 133 Idaho 82, 91, 982 P.2d 917, 926 (1999)). Due process is not to be applied rigidly. *Id*. Rather, due process "is a flexible concept calling for such procedural protections as are warranted by the particular situation." *Id*.

The State need not show notice of possible criminal penalties to satisfy due process requirements because "a citizen is presumptively charged with knowledge of criminal statutes once enacted." *State v. Calver*, 155 Idaho 207, 213, 307 P.3d 1233, 1240 (Ct. App. 2013); *See Wilson v. State*, 133 Idaho 874, 880, 993 P.2d 1205, 1211 (Ct. App. 2000) ("[I]t is axiomatic that citizens are presumptively charged with knowledge of the law once such laws are passed."). Ignorance of the law is not a defense. *Wilson*, 133 Idaho at 880, 993 P.2d at 1211. "The entire structure of our democratic government rests on the premise that the individual citizen is capable of informing himself about the particular policies that affect his destiny." *Id*. (quoting *Atkins v. Parker*, 472 U.S. 115, 130 (1985)).

The furlough order stated "[o]nce released, the sheriff of Ada County is also directed to serve a copy of this furlough order upon [Roth]." Based on this language, Roth argues due process required that Roth be served a copy of the furlough order detailing the order's limitations and consequences. The district court was persuaded by Roth's position and dismissed the case

after finding the State failed to provide sufficient evidence establishing Roth had been served a copy of the furlough order. This ruling extended the reach of due process too far.

First, notice of possible criminal penalties is generally not required under the due process clause of the Fourteenth Amendment. *See Calver*, 155 Idaho at 213, 307 P.3d at 1240. Second, at the arraignment hearing in 2011, the district court specified the furlough would be "at the convenience of the jail to be released no sooner than 7:30 a.m. and returned to custody no later than 6:00 p.m." When asked by Roth's attorney to clarify how long the furlough was, the district court stated: "one day, 7:30 a.m. to 6:00 p.m." The district court then explained "the terms are to the University to deal with the issues of missing your finals and attempting to sort out whatever is going on with the University to maintain your status as a student there." The district court also explained to Roth that if he were to commit any new crimes, there would be a "bad outcome."

Due process is not a rigid standard and is satisfied when a defendant is provided notice and an opportunity to be heard. *See Bradbury*, 136 Idaho at 72, 28 P.3d at 1015. Roth had his opportunity to be heard and was sufficiently notified of the furlough order's requirements to satisfy due process based on the district court explaining the details of the furlough order on the record at the arraignment hearing. The fact, as found by the district court, that Roth did not receive a written copy of the furlough order does not vitiate the notice that Roth had received in court from the judge.

## VI. CONCLUSION

We reverse the district court's dismissal of Roth's conviction under I.C.R. 48(a)(2) and remand for further proceedings consistent with this Opinion.

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.