# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 51530-2024

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Boise, October 2024 Term |
| | ) | |
| v. | ) | Opinion filed: February 14, 2025 |
| | ) | |
| GREGG ALAN HOOVER, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Cynthia K.C. Meyer, District Judge.

The decision of the district court is <u>reversed</u> and <u>remanded</u>.

Raúl R. Labrador, Idaho Attorney General, Boise, for Appellant. Kenneth K. Jorgensen argued.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Respondent. Jenny C. Swinford argued.

_____

ZAHN, Justice.

This appeal involves the interpretation of the domestic battery felony enhancement provision in Idaho Code section 18-918(5). Gregg Alan Hoover was arrested and cited for misdemeanor domestic battery in October 2021. In April 2022, the State amended its complaint against Hoover to enhance the charge of misdemeanor domestic battery to a felony pursuant to Idaho Code section 18-918(5). The State claimed the enhancement was triggered by Hoover's conviction for domestic battery with traumatic injury in March 2022. The magistrate court granted the motion to amend and bound the case over to the district court. The State filed an Information with the district court in May 2022.

Hoover moved to dismiss, claiming that Idaho Code section 18-918(5) did not apply in this case because his March 2022 conviction for felony domestic battery occurred after the incident giving rise to this case. The district court agreed and dismissed the portion of the Information

1

containing the felony enhancement. The district court noted that because the conduct in this case occurred five months prior to the March 2022 felony conviction for domestic battery with traumatic injury, the conviction the State relied upon to elevate the current charge could not trigger the enhancement.

The State filed a timely appeal and argues that the district court erred because the enhancement provision of Idaho Code section 18-918(5) only requires a prior felony *conviction* for domestic battery within fifteen years of the subsequent conviction. The State contends that the district court erred by interpreting the felony enhancement provision as requiring the *commission* of the crime to have occurred within fifteen years of the subsequent conviction.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In October 2021, police responded to a call for a domestic dispute. B.B. alleged that Hoover, who was her boyfriend at the time, slapped her with an open hand on the left side of her head. The police arrested Hoover and charged him by citation for misdemeanor domestic violence.

In March 2022, in a different case, a jury found Hoover guilty of felony domestic battery with traumatic injury. The March 2022 conviction was based on conduct that occurred in June 2021. B.B. was the victim in that case as well. Approximately two months after this trial, the State moved to amend Hoover's October 2021 misdemeanor charge to a felony. The State's basis for amending was that Idaho Code section 18-918(5) enhanced the misdemeanor to a felony due to Hoover's March 2022 conviction for felony domestic battery. The magistrate court granted the State's motion. The State filed its amended complaint on April 22, 2022, alleging that: (1) Hoover committed a domestic battery pursuant to Idaho Code sections 18-903 and 18-918(3)(b); and (2) Hoover was subject to a sentencing enhancement because of his March 2022 felony conviction. The case was subsequently bound over to the district court.

After the State filed an Information with the district court, Hoover moved to dismiss under Idaho Criminal Rules 12(b)(1) and 48(a)(2), arguing that the enhancement provided for in Idaho Code section 18-918(5) did not apply because Hoover's March 2022 conviction for felony domestic battery occurred after the October 2021 conduct giving rise to the charge in this case. The State opposed Hoover's motion, arguing that the enhancement does not require that *the criminal conduct occur* prior to his current criminal charge, but rather only that *he be found guilty* of the prior felony charge.

Following a hearing on the motion, the district court granted Hoover's motion and dismissed Part II of the Information concerning the felony sentencing enhancement. It determined that "the conduct Defendant is accused of committing, which occurred five months prior to the verdict of guilt in [the previous felony case,] cannot give rise to the felony enhancement found in Idaho Code [section] 18-918(5)."

The State timely appealed. The case was assigned to the Idaho Court of Appeals, which issued an unpublished decision in October 2023. Hoover filed a petition for review in November 2023, which this Court granted.

## II.     ISSUE ON APPEAL

Whether the district court erred in dismissing the felony enhancement of the State's Information because it misinterpreted Idaho Code section 18-918(5).

## III.     STANDARDS OF REVIEW

"When a case is on review from the Court of Appeals, we hear the matter as if it is on appeal from the trial court. This Court gives due regard, but not deference, to the decision of the Court of Appeals." *State v. Parker*, 141 Idaho 775, 777, 118 P.3d 107, 109 (2005) (internal citations omitted).

"The granting or denial of a motion to dismiss is reviewed for an abuse of discretion." *State v. Roth*, 166 Idaho 281, 283, 458 P.3d 150, 152 (2020) (citation omitted). When reviewing for an abuse of discretion, this Court must determine whether the trial court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *State v. Sarbacher*, 168 Idaho 1, 4, 478 P.3d 300, 303 (2020) (quoting *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)).

"Statutory interpretation is a question of law that receives de novo review from this Court." *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020) (citing *State v. Schulz*, 151 Idaho 863, 865, 264 P.3d 970, 972 (2011)).

## IV.     ANALYSIS

This appeal asks the Court to interpret Idaho Code section 18-918(5), which provides:

Notwithstanding any other provisions of this section, any person who previously has pled guilty to or been found guilty of a felony violation of the provisions of this section, attempted strangulation as provided in section 18-923, Idaho Code, or any substantially conforming foreign criminal felony violation, notwithstanding the form of the judgment or withheld judgment, and who, within fifteen (15) years,

3

pleads guilty to or is found guilty of *any further violation* of this section shall be guilty of a felony punishable by imprisonment in the state prison for a term not to exceed twenty (20) years or by a fine not to exceed ten thousand dollars ($10,000), or by both such fine and imprisonment.

I.C. § 18-918(5) (emphasis added).

In granting Hoover's motion to dismiss, the district court determined that section 18-918(5) contained two "qualifiers." The first qualifier was "any person who previously has pled guilty to or been found guilty of a felony violation of the provisions of this section . . . ." (Emphasis omitted; quoting I.C. § 18-918(5).) The second qualifier was that "any person 'who within fifteen (15) years pleads guilty to or is found guilty of any further violation of this section, shall be guilty of a felony.' " (Emphasis omitted; quoting I.C. § 18-918(5).) The district court's decision rested on the second qualifier. The court concluded that the phrase "further violation" referred to conduct that occurred after the previous finding of guilt, listing three reasons for its conclusion.

First, the court interpreted the word "further" to mean something that occurred later in time. Second, the court concluded that the State's argument required ignoring or deleting the word "further," so the statute would read " 'any violation' of this section." Finally, the court noted that the fifteen-year timeframe is stated right before "further violation" in the statute, demonstrating that the legislature intended the "further violation" to be future conduct that occurred within fifteen years after the prior felony conviction. The district court therefore concluded that the felony enhancement could not apply in this case because the conduct underlying the charge in the current case occurred five months before the March 2022 guilty verdict in the felony case.

The State argues that, under the plain language of Idaho Code section 18-918(5), the timing of *guilty pleas or convictions* controls whether an offense may be elevated to a felony, not the timing of the *commission* of the crimes. Thus, the State interprets the plain language of the statute to mean "someone previously convicted of felony domestic violence who is convicted of another instance domestic violence 'within fifteen (15) years' is guilty of a felony." Hoover, on the other hand, argues that the phrase "further violation" in Idaho Code section 18-918(5) must be interpreted to mean the conviction that triggers the enhancement must have preceded the violation at issue in the current case.

"The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act." *State v. Dunlap*, 155 Idaho 345, 361–62, 313 P.3d 1, 17–18 (2013) (quoting *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011)). "We begin statutory interpretation with

the literal language of the statute, giving words their plain, usual, and ordinary meanings." *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020). "If the statutory language is unambiguous, we need not engage in statutory construction and are free to apply the statute's plain meaning." *State v. Barr*, ___ Idaho ___, ___, 555 P.3d 1082, 1085 (2024) (quoting *Nordgaarden v. Kiebert*, 171 Idaho 883, 890, 527 P.3d 486, 493 (2023)). However, if the statutory language is ambiguous, this Court must "look to rules of construction for guidance and consider the reasonableness of proposed interpretations." *State v. Kraly*, 164 Idaho 67, 70, 423 P.3d 1019, 1022 (2018) (quoting *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 582, 416 P.3d 951, 954 (2018)). In interpreting a statute, "provisions are interpreted within the context of the whole statute, not as isolated provisions. This includes giving effect to 'all the words and provisions of the statute so that none will be void, superfluous, or redundant.' " *Burke*, 166 Idaho at 623, 462 P.3d at 601 (quoting *Schultz*, 166 Idaho at 623, 462 P.3d at 601). "Our analysis begins with a review of the relevant statutes and dictionary definitions." *Id.*

Section 18-918(5) enhances a charge if two conditions are satisfied: (1) the defendant "previously has pled guilty to or been found guilty of a felony violation of the provisions of this section, attempted strangulation as provided in section 18-923, Idaho Code, or any substantially conforming foreign criminal felony violation, notwithstanding the form of the judgment or withheld judgment," and (2) the defendant, "within fifteen (15) years, pleads guilty to or is found guilty of *any further violation* of this section[.]" I.C. § 18-918(5) (emphasis added). There is no dispute that Hoover's March 2022 conviction satisfies the first condition. The question before us is whether a finding of guilt or a guilty plea in this case would satisfy the second condition. We conclude that it would and therefore reverse the district court's decision granting Hoover's motion to dismiss Part II of the Information.

The statutory language is unambiguous. The application of the enhancement turns on the timing of a finding of guilt or the guilty plea in a second case, not on when the criminal conduct occurred. As used in the second condition identified above, the plain meaning of "violation" is the commission of a criminal act. The plain meaning of the word "further," when used as an adjective, is "[g]oing or extending beyond[,]" and "additional." *Further*, Merriam-Webster's Collegiate Dictionary (11th ed. 2003). As such, the plain meaning of the phrase "further violation" means the commission of an additional criminal act.

Nothing in the statute requires that the additional criminal conduct occur after the prior finding of guilt or prior guilty plea. Rather, the plain language of the statute enhances a criminal charge if *a finding of guilt or a guilty plea* to the further violation occurs within fifteen years of the prior finding of guilt or guilty plea. Thus, if a defendant pleads guilty to a violation of section 18-918 or is found guilty of such a violation, then he is subject to the sentencing enhancement contained in section 18-918(5) because he was previously found guilty of a different violation of section 18-918.

Hoover argues that we need only compare Idaho Code section 18-918(3)(c) to section 18-918(5) to conclude that the enhancement only applies when the criminal conduct occurs after the prior finding of guilt. Hoover argues that the different structures in the two subsections demonstrate a different intent. More specifically, he contends that section 18-918(5) specifically references a "further violation" to enhance, while section 18-918(3)(c) merely requires a "violation" to enhance a charge. Hoover argues that we must interpret "further" to mean something more than just an additional criminal violation. According to Hoover, interpreting "further" to impose a timing component gives effect to all the words of section 18-918(5).

We decline to interpret the use of "further" in section 18-918(5) as imposing a timing requirement because to do so would ignore the plain language of the statute. A review of the entirety of section 18-918 demonstrates that section 18-918(3)(c) and section 18-918(5) use different language because of their different purposes, not because the latter imposes a timing requirement related to the occurrence of additional criminal conduct.

Section 18-918(3)(c) provides increasing penalties for multiple convictions *of that same subsection*:

> A first conviction under this subsection is punishable by a fine not to exceed one thousand dollars ($1,000) or by imprisonment in a county jail not to exceed one (1) year, or both. Any person who pleads guilty to or is found guilty of a violation of this subsection *who previously has pled guilty to or been found guilty of a violation of this subsection*, or of any substantially conforming foreign criminal violation, notwithstanding the form of the judgment or withheld judgment, within ten (10) years of the first conviction shall be guilty of a misdemeanor punishable by imprisonment in the county jail for a term not to exceed one (1) year or by a fine not to exceed two thousand dollars ($2,000) or by both fine and imprisonment. Any person who pleads guilty to or is found guilty of a violation of this subsection *who previously has pled guilty to or been found guilty of two (2) violations of this subsection*, or of any substantially conforming foreign criminal violation or any combination thereof, notwithstanding the form of the judgment or withheld

6

judgment, within fifteen (15) years of the first conviction shall be guilty of a felony punishable by imprisonment in the state prison for a term not to exceed five (5) years or by a fine not to exceed five thousand dollars ($5,000) or by both fine and imprisonment.

I.C. § 18-918(3)(c) (emphasis added). Section 18-918(3)(c) uses the word "violation" to refer to subsequent violations of the same subsection, section 18-918(3). In other words, it is specific to convictions for misdemeanor domestic assault or misdemeanor domestic battery.

Section 18-918(5) is broader and permits felony enhancement when the defendant pleads guilty to or is found guilty of a further violation identified in *the entire section*. This language permits a sentencing enhancement when the defendant has previously pleaded guilty to or been found guilty of one of several different felonies, including the two felony crimes defined in section 18-918. The first is contained in section 18-918(2), which provides that a household member who commits a battery against another household member by inflicting a traumatic injury is guilty of a felony. The second is found in section 18-918(3)(c), which provides that a person who pleads guilty to or is convicted of a third or further violation of misdemeanor domestic assault or misdemeanor domestic battery within a specified timeframe is guilty of a felony. In the event the defendant has previously been found guilty of or has pled guilty to one of the felonies identified in section 18-918(5), any subsequent finding of guilt or guilty plea to any of the crimes identified in section 18-918 (whether it is a felony or a misdemeanor) will subject him to the sentencing enhancement contained in section 18-918(5).

The difference in language between the two subsections is due their different applications: the enhancement in section 18-918(3)(c) is triggered by multiple violations of the same section, hence the references to violations of "this subsection." In contrast, the enhancement contained in section 18-918(5) is triggered by a prior finding of guilt or guilty plea to one of several crimes, including the two felonies identified in section 18-918, followed by a finding of guilt or guilty plea to any of the crimes identified in section 18-918. Therefore section 18-918(5) uses the language "further violation of this section." The use of "further" in section 18-918(5) does not suggest a temporal component related to the underlying conduct, but instead is an indication that the enhancement can apply to all of the crimes identified in section 18-918. For these reasons, when read within the context of the entirety of section 18-918, the term "further" does not imply something subsequent in time, but instead, something additional.

7

The plain language of Idaho Code section 18-918(5) unambiguously provides that Hoover is subject to an enhanced sentence if he: (1) pleads guilty to or is found guilty of a felony violation of section 18-918 and (2) within fifteen years of that, pleads guilty to or is found guilty of an additional violation of section 18-918. Hoover was found guilty of a felony violation of section 18-918 in March 2022. The Information in this case charged him with an additional or "further violation" of section 18-918. Therefore, if Hoover "pleads guilty to or is found guilty of" the charges in this case, the requirements for a felony enhancement under Idaho Code section 18-918(5) will be met. Accordingly, we conclude that the district court erred in construing the "further violation" language of section 18-918(5) to impose a timing requirement related to the criminal conduct underlying the charge in this case.

## V.    CONCLUSION

For the reasons discussed above, we reverse the district court's dismissal of Part II in the Information and remand the case for further proceedings.

Chief Justice BEVAN, Justices BRODY and MOELLER, and Pro Tem Justice BURDICK CONCUR.

8